# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NICOLE WILLEY, Individually, and as )
personal representative of the estate of )
MICHAEL WILLEY, and as parent and )
next friend of Marissa Willey, a minor, )
                                         )
        Plaintiffs, )
                                         )
    v.                           )     C.A. NO.: N17C-11-185 AML
                                         )
GLASGOW INTERNAL MEDICINE )     JURY TRIAL OF 12 DEMANDED
ASSOCIATES, P.A., ANTHONY )
VASILE, D.O., CURT BLACKLOCK, )
D.O., CHRISTIANA CARE HEALTH )
SERVICES, INC., a Delaware )
Corporation, )
                                         )
        Defendants. )

Submitted: January 18, 2018
Decided: February 2, 2018

## ORDER

### Upon Review of the Affidavit of Merit – Accepted

On January 18, 2018, Defendants Curt Blacklock and Glasgow Internal Medicine Associates, P.A., moved to have the Court review Plaintiffs' affidavits of merit, *in camera*, to determine whether they comply with 18 *Del. C* §§ 6853(a)(1), (c) and 6854. Specifically, Defendants ask the Court to determine whether each affidavit of merit:

a) Is signed by an expert witness as defined in 18 *Del. C.* §§ 6853(c) and 6854;

b) Is accompanied by a *curriculum vitae* for each expert;

c) States all its opinions against Defendants to a reasonable degree of medical probability;

d) Includes an opinion that Defendants committed medical negligence and that such negligence caused proximately the injuries claimed in the Complaint;

e) Establishes the expert is licensed to practice medicine in general surgery as of the date of the filing of the Affidavit and is familiar with the skill ordinarily employed in the field of medicine on which he or she will testify;

f) Establishes the expert has been engaged in treatment of patients and/or in the teaching/academic side of medicine in the same or similar filed of medicine as internal medicine;

g) Establishes that the expert is board certified in internal medicine or a similar field of medicine.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[1] The expert must be licensed to practice medicine as of the affidavit's date and engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[2] The affidavit must state that

---

[1] *Id.* § 6853(a)(1).
[2] *Id.* § 6853(c).

reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[3] Although Defendants' motion asserts the affiant(s) must be licensed to practice medicine in "general surgery," the Defendants are not surgeons and the complaint does not refer to any surgery performed on the decedent. The statute's requirements are minimal. Accordingly, an affidavit of merit tracking the statutory language complies with the statute.[4]

After an *in camera* review, the Court finds:

1. The expert signed the affidavit;

2. The affidavit was accompanied by a current *curriculum vitae*;

3. The affidavit states all its opinions against Defendants to a reasonable degree of medical probability;

4. The affidavit includes an opinion that Defendants committed medical negligence and that such negligence caused proximately the injuries claimed in the Complaint;

5. The affidavit establishes the expert is licensed to practice medicine as of the date of the filing of the Affidavit and is familiar with the skill ordinarily employed in the field of medicine on which he or she will testify;

---

[3] *Id.*

[4] *See Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011) ("In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion.").

2

6. The expert has been engaged in treatment of patients and/or in the teaching/academic side of medicine in the same or similar filed of medicine as internal medicine;

7. The expert is board certified in internal medicine or a similar field of medicine.

Considering the above, the Court finds that the affidavit of merit complies with 18 *Del. C.* §§ 6853(a), (c), and 6854 as to each Defendant.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:   Gregory S. McKee, Esquire
      Katherine J. Sullivan, Esquire
      Stephen J. Milewski, Esquire
      Joshua Meyeroff, Esquire
      Timothy E. Lengkeek, Esquire